THE STATE OF KANSAS v. GEORGE M. WHITE.

INTOXICATING LIQUORS — *Irregular Sale* — *No Conviction.* Where a druggist who has a permit from the probate judge of his county to sell intoxicating liquors for medical, scientific and mechanical purposes, is prosecuted upon information in the district court for selling intoxicating liquors for other than medical, scientific or mechanical purposes, and no other offense is charged against him, he cannot be convicted for the offense of selling intoxicating liquors for medical, scientific and mechanical purposes in an irregular manner.

*Appeal from Woodson District Court.*

PROSECUTION under §§ 1, 7 and 9 of the prohibitory liquor law of 1881. At the June Term, 1883, the defendant *George M. White* was found guilty and sentenced to pay a fine of $100, and adjudged to pay the costs of prosecution. He appeals. The facts are stated in the opinion.

*W. H. Slavens,* for appellant.

*W. A. Johnston,* attorney general, and *Edwin A. Austin,* for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution under §§ 1, 7 and 9, of the prohibitory liquor law of 1881, for sell-

ing intoxicating liquors for other than medical, scientific or mechanical purposes. The information upon which the defendant was prosecuted, charges that the defendant did " sell, barter, and give away spirituous, vinous, malt, fermented, and other intoxicating liquors, for other than medicinal, scientific, or mechanical purposes, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas." This is the only offense set forth in the information. The case was tried before the court and a jury, and the evidence showed, among other things, that the defendant was a druggist; that he had a druggists' permit to sell intoxicating liquors; and that he sold intoxicating liquors at the time and place charged in the information. These facts are undisputed. The only question, therefore, involved in the case, and upon which the parties could have differed in the court below, was, whether the defendant sold the said intoxicating liquors for other than medical, scientific or mechanical purposes. The defendant, however, claims that the case was prosecuted in the court below upon a different theory. He claims that it was prosecuted upon the erroneous theory that if he sold intoxicating liquors for medical, scientific or mechanical purposes, in any different manner, or upon any other evidence, than that prescribed by the statute, that he was liable to be convicted upon the information filed in this case, notwithstanding the fact that he never sold a drop of any kind of intoxicating liquor except for medical, scientific and mechanical purposes. The defendant was found guilty, and sentenced to pay a fine of $100, and adjudged to pay the costs, and he now appeals to this court. He claims that the court below erred especially in giving instructions numbered 8, 11 and 12 to the jury. These instructions read as follows:

"8. If, however, there was some collusion or understanding between him and the physician whose prescriptions he filled that the prescriptions were to be made, or were being made, without regard to sickness of the person for whom made; or if there was any collusion or understanding between him and the persons who obtained liquors upon affi-

davit that the affidavit should be made for form's sake only, and for the purpose of enabling the applicant to obtain liquor for other than scientific or mechanical purposes, and sales were made by defendant in either of such cases, he is guilty. If, too, prescriptions were filled by him that were written and signed by physicians who had not made and filed the affidavit to which your attention has been called, or if written for the purpose of enabling the person to obtain intoxicating liquors for other than medicinal purposes; and if the defendant knew or believed, or had good reason to believe, that these prescriptions were given or affidavits made for such purpose, or for the purpose of evading the law and giving to the buyer the use of intoxicating liquors for other than medicinal, scientific or mechanical purposes, he is equally guilty."

"11. Some evidence has been introduced tending to show that the defendant had informed parties who were signing printed affidavits for the purpose of obtaining intoxicating liquors from him, that they need not swear to them, and that the signing thereof before some magistrate was sufficient, if the magistrate also signed his name to the certificate, showing that the proper affidavit was made.

"12. You are instructed in this regard, that if the defendant made such statements knowing them to be incorrect, he cannot, if selling under such pretended affidavits, avoid the penalty of the law, and should be found guilty. If he was so ignorant that he made such statements with the full belief that he was correct therein, and if he had no intention to misstate or do wrong, then that matter should not be held against him. As said before, the defendant must be proven guilty beyond a reasonable doubt as to every essential ingredient, by the state, before he can be convicted."

The defendant claims that there was no evidence introduced in the court below showing or tending to show that the defendant ever sold any intoxicating liquors except for medical, scientific or mechanical purposes. Now while the defendant may possibly be mistaken with regard to this matter, yet the evidence was such that no court could say as a matter of law that the defendant ever did sell any intoxicating liquors except for such purposes. The question was at least a doubtful one, and was one of fact for the jury to determine. The evidence also tended to show that the defend-

ant sold intoxicating liquors for medical purposes upon affidavits authorizing sales to be made for mechanical purposes only, and that the defendant was perfectly cognizant of the nature of these affidavits, and the purposes for which the liquors were procured, when he made these sales. Of course the defendant was guilty of an offense, under § 9 of the prohibitory liquor law of 1881, for selling intoxicating liquors in this manner; but the present prosecution is not a prosecution for any such offense. The present prosecution, as before stated, is for selling intoxicating liquors for other than medical, scientific or mechanical purposes, and is not a prosecution for merely selling such liquors for proper purposes in an irregular manner. It would therefore seem that the foregoing instructions are erroneous. Instruction No. 8 contains these words: "If there was any collusion or understanding between him [the defendant] and the person who obtained liquors upon affidavit that the affidavit should be made for form's sake only, and for the purpose of enabling the applicant to obtain liquor for other than scientific or mechanical purposes, and sales were made by defendant in either of such cases, he is guilty." In other words, the instruction is, in substance, that if by collusion the defendant permitted the purchaser to file an affidavit authorizing a sale of intoxicating liquors for scientific or mechanical purposes, and the purchaser then procured the liquor for medical purposes, and did not procure the same for either scientific or mechanical purposes, the defendant is guilty. Of course in such a case the defendant would be guilty of an offense, but he would not be guilty of the offense charged in the present case. The instruction is open to some other criticisms, but this will suffice.

Instructions numbered 11 and 12 are in substance, that if the affidavits were fraudulent, and were merely signed but not sworn to, that the defendant should be found guilty, although he may have sold the liquor for medical, scientific or mechanical purposes, and not for any other purpose.

As before stated, we think the foregoing instructions are

erroneous, and that the defendant was prosecuted upon a wrong theory; and therefore, for these errors, the judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.